IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE LAMAR HAMILTON, | ) | No. C 06-2131 MMC (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| SAN FRANCISCO COUNTY JAIL, et al., | ) | (Docket No. 2) |
| Defendants. | ) | |
| _____ | ) | |

On March 22, 2006, plaintiff, an inmate at the San Francisco County Jail proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, alleging the absence of a guard at the medical dispensary allowed another inmate to attack him. He has applied for leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement under § 1997e(a) is mandatory and not merely directory. Porter v. Nussle, 122 S. Ct. 983, 988 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. Porter, 122 S. Ct. at 992.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.), cert. denied, 124 S. Ct 50 (2003). Nevertheless, the Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, plaintiff concedes in his complaint that he has not exhausted his administrative appeals, stating "no appeals were filed." See Complaint at 2. As explained by plaintiff, "no appeals were necessary" because "injury was already incurred from this incident." See id. There is no authority, however, for the proposition that exhaustion is excused where the plaintiff has incurred an injury. Indeed, as the very purpose of administrative grievances is to redress injury, the Court will not read such an exception into the exhaustion requirement. See Booth, 532 U.S. at 741 n.6 (stating courts should not read exceptions into § 1997e(a)). Under § 1997e(a), plaintiff was required to present his claims to each level of administrative review before raising those claims in a § 1983 complaint in federal court. Because it is clear from the complaint that plaintiff has

1  not done so, and there is no applicable exception to the exhaustion requirement, the instant
2  complaint is subject to dismissal.
3       Accordingly, the above-titled action is hereby DISMISSED, without prejudice to
4  plaintiff's refiling his claim after all available administrative remedies have been exhausted.
5       In light of the dismissal, leave to proceed in forma pauperis is DENIED and no fee is
6  due.
7       This order terminates Docket No. 2.
8       The Clerk shall close the file.
9       IT IS SO ORDERED.
10 DATED: June 14, 2006

                                        MAXINE M. CHESNEY
                                        United States District Judge